*G. Holland*, for the plaintiffs.

*J. Ryman*, for the defendant.

Nov. Term, 1853.

BROWN
v.
BROWN.

BROWN *v*. BROWN.

An attorney at law having filed a petition for a divorce which was unnecessarily gross and indelicate, and having deported himself improperly in reading it, the Court taxed him with the costs of the cause. *Held*, that the Court acted within its authority.

A Court has the power to protect itself against gross violations of decency and decorum, and an appellate Court can only interfere where the power is shown to have been abused.

ERROR to the *Vanderburgh* Circuit Court.

ROACHE, J.—Petition for a divorce. On the hearing of the petition, it was dismissed.

Saturday, December 31.

The Court taxed the costs of the cause against the attorney of the plaintiff, because of the unnecessary grossness and indelicacy of the petition, and of his improper deportment in reading it.

To set aside this taxation, the cause is brought here.

To protect itself against gross violations of decency and decorum, is a necessary incidental power of a Court. They have the right to punish in this way such misconduct as is alleged in this case, on the part of an attorney. It is a power to be exercised at the sound discretion of the judge, and this Court can interfere only where it is shown to have abused its discretion.

Nov. Term,
1853.

This is not shown in the present case.  See *Loveland* v.
*Jones, ante,* p. 184.

*Per Curiam.*—The judgment is affirmed with costs.

*H. F. Kiger,* for the plaintiffs.

*C. Baker,* for the defendant.