BEAMER, ATTORNEY GENERAL *v.* WADDELL.

[No. 27,728. Filed January 26, 1943. Motion to set aside ruling denied March 16, 1943.]

[For opinion on merits, see *post* p. 279.]

*George N. Beamer,* Attorney General, *Glen L. Steckley* and *Walter O. Lewis,* Deputy Attorneys General, for the State.

*Edward C. Eikman,* of Indianapolis, for defendant.

*Charles A. Lowe,* of Lawrenceburg, *Carl M. Gray,* of Petersburg, and *Howard S. Young,* of Indianapolis, committee for Indiana State Bar Association as *amicus curiae.*

SHAKE, J.—The record discloses that the defendant William B. Waddell has been a member of the bar of this court since June 23, 1905. On January 30, 1942, said defendant as relator instituted an original action in this court for a writ of mandate against the Honorable Herbert E. Wilson as judge of the Superior Court of Marion County, Room No. 5. In considering said case it came to our attention that there were matters connected therewith that might call for disciplinary action. The attorney general was directed to make an investigation and to report his findings, which he did. Subsequently, by permission, the attorney general instituted this proceeding which is one for the disbarment of the defendant. The information contains eleven specific charges of professional misconduct. It is unnecessary at this time to consider the details of these charges further than to observe that they relate to acts committed in various counties of the State not connected with any proceeding pending before this court.

The defendant has appeared specially for the purpose of challenging the jurisdiction of this court over the subject-matter. He contends that under Chapter 88, Acts 1937, §§ 4-3608 to 4-3618, Burns' 1933 (Supp.), §§ 830 to 840, Baldwin's 1937 Supp., exclusive jurisdiction to disbar attorneys is vested in the circuit and superior courts. On the other hand, the attorney gen-

eral and *amicus curiae* urge that this court has inherent power to deal with the subject and that, in its most favorable light, Chapter 88 merely confers concurrent jurisdiction in proper cases on the circuit and superior courts.

The practice of the law has always been considered a privilege rather than a natural or vested right. *Hulbert* v. *Mybeck* (1942), 220 Ind. 530, 44 N. E. (2d) 830. Even under Section 21 of Article VII of the Constitution of 1851, the admission of an attorney was regarded as a judicial act which could not be lodged elsewhere than in the courts. *Garrigus* v. *The State, ex rel. Moreland, Auditor* (1884), 93 Ind. 239. Good moral character being a prerequisite to the granting of the privilege of practicing law, its continuance is 'a condition precedent to the right to retain such a license. *In re McDonald* (1928), 200 Ind. 424, 164 N. E. 261. As a general proposition a court authorized to admit an attorney has power to suspend or disbar him in the absence of legislation vesting exclusive jurisdiction for that purpose in some other tribunal. See 7 C. J. S., Attorney and Client, § 18b, and 5 Am. Jur., Attorneys at Law, § 251, where the cases supporting this principle are collected. Reasonable conditions may also be attached to the right of those already admitted to the bar to continue in the practice of the law. Thus in *Blake's Case* (1818), 1 Blackford (2d Ed.) 483, it was held that practicing attorneys might be required to take an oath that they had not engaged in a duel after June 29, 1816, as provided in an act which became effective on January 3, 1817. (Laws 1817, ch. 39, p. 180.)

In 1931 the General Assembly adopted an act entitled "An Act concerning attorneys at law, giving the supreme

court exclusive jurisdiction to admit attorneys to practice law in all courts and repealing all laws in conflict therewith." Section 1 of this act provided "That the supreme court of this state shall have exclusive jurisdiction to admit attorneys to practice law in all courts of the state under such rules and regulations as it may prescribe." Section 2 repealed all laws or parts of laws in conflict. Acts 1931, ch. 64, p. 150, § 4-3605, Burns' 1933, § 825, Baldwin's 1934. We think that when the General Assembly conferred upon this court exclusive jurisdiction to admit attorneys to practice in all the courts of the State it thereby made all attorneys, including those previously admitted under pre-existing statutes, subject to such reasonable regulations respecting their right to continue in the practice as this court might, in its judicial discretion, see fit to prescribe. In the discharge of its responsibility this court might, and perhaps should, have required all previously admitted attorneys to be enrolled as members of its bar. Instead, such attorneys were tentatively recognized as such, and provision was made for their voluntary enrollment upon motion and showing of good moral character. (See Rule 41-3 adopted July 13, 1931.) By a subsequent rule adopted April 17, 1940, it was provided:

> "The bar of this state shall consist of all attorneys in good standing who, prior to July 1, 1931, were duly admitted to practice law by the circuit courts of this state, and all attorneys in good standing who, subsequently thereto, have been or hereafter shall be admitted to practice by this court."

It was clearly not contemplated by the Legislature when it passed the Act of 1931 or by this court when

it adopted the above rules that there should be ██ two groups of recognized attorneys in this State or that part of such attorneys should be responsible to this court and part should not. We must conclude that, in the absence of other legislation on the subject, the act of 1931 is sufficiently broad in its necessary implications to authorize this court to entertain a proceeding for the disbarment of any attorney of this State irrespective of whether he was admitted prior to or since the passage of said act. This conclusion finds support in the case of *Lane* v. *Campbell* (1938), 214 Ind. 376, 14 N. E. (2d) 552, in which it was held that the act of 1931 repealed the provision of the statute under which the courts of each county had power to determine whether attorneys practicing or offering to practice therein by virtue of admissions in other counties were of good moral character. Acts 1881 (Spec. Sess.), ch. 38, § 832, p. 383, § 1034, Burns' 1926, § 826, Baldwin's 1934.

What has been said leads us to the defendant's contention that under chapter 88, Acts 1937, §§ 4-3608 to 4-3618, Burns' 1933 (Supp.), §§ 830 to 840, Baldwin's 1937 Supp., exclusive jurisdiction of disbarment proceedings is now vested in the circuit and superior courts. The act referred to is an amendment to the civil practice code of 1881 which was enacted under the title of "An Act concerning proceedings in civil cases." Acts 1881 (Spec. Sess.), ch. 38, p. 240. The 1881 statute was a recodification of the original Civil Procedure Act of 1852, which was prepared by commissioners pursuant to the mandate of Section 20 of Article 7 of the present State Constitution "to revise, simplify, and abridge, the rules, practice, pleadings, and forms, of the Courts of Justice." The title to the Act of 1852 read:

"An Act to revise, simplify and abridge the Rules, Practice, Pleadings and Forms in Civil Cases in the Courts of this State . . . to abolish distinct forms of action at law, and to provide for the administration of justice in a uniform mode of pleading and practice, without distinction between law and equity." II R. S. 1852, Part 2, Ch. 1, p. 27.

There is, perhaps, no better test, then, as to what is to be regarded as procedural, as distinguished from substantive law, than its inclusion in the civil practice code of 1852. That code and all its subsequent revisions and amendments dealt with disbarment as a procedural matter. We feel bound, therefore, not to disturb that conclusion, although much might be said to the contrary if we were free to approach the problem uninfluenced by its long and well-established constitutional, legislative, and judicial history.

Chapter 88 of the Acts of 1937 amends the civil practice code to provide that circuit and superior courts may revoke the admission of attorneys residing in their respective counties upon certain specified grounds. The act does not in terms make the jurisdiction of such courts exclusive. The same (1937) session of the General Assembly passed another act authorizing this court to adopt, amend, and rescind rules governing practice and procedure in the courts of this State, after which all laws in conflict shall have no further force or effect. Acts 1937, ch. 91, p. 459, § 2-4718, Burns' 1933 (Supp.), § 1317-1, Baldwin's 1937 Supp. Chapters 88 and 91 both relate to practice and procedure; both were passed at the same session; and both were approved by the Governor on March 8, 1937. These acts must, therefore, be construed in *pari materia;* that is, as if their terms were embraced in a single enactment providing that circuit and superior courts should have jurisdiction of disbarment pro-

ceedings subject, however, to the exercise of the rule-making power of this court. *City of New Albany* v. *Lemon* (1926), 198 Ind. 127, 149 N. E. 350, 152 N. E. 723.

To summarize, we hold that every court of general jurisdiction possesses plenary power to discipline the members of its own bar and those practicing ▮ before it; that by necessary implication the Act of 1931, vesting exclusive jurisdiction in this court over admissions to the bar, and the rules adopted pursuant thereto, render all attorneys of this State amenable to the jurisdiction of this court as effectually as if they were admitted by it; and that for the reasons heretofore stated the Act of 1937, giving circuit and superior courts jurisdiction of disbarment in certain cases, is not exclusive. The Act of 1937 is, therefore, construed as providing a cumulative procedure for disbarment by circuit and superior courts which in no way circumscribes the jurisdiction conferred upon this court by the Act of 1931.

It has not been necessary to consider the subject of the inherent powers of this court so ably advanced in the briefs of the attorney general and *amicus curiae*. If such powers exist and are applicable to a situation like the one before us, no injury to them results by reason of the fact that we have not been called upon to exercise them in this instance.

The motion to set aside the return and to quash the order issued on the information is overruled. The defendant is ordered to answer in conformity with practice rule 1-3 (1940 Revision) within fifteen days and the cause is continued for further proceedings.

NOTE.—Reported in 45 N. E. (2d) 1020.