## IN THE MATTER OF HARRISON, ETC.

[No. 28,832.  Filed January 15, 1953.  Motion to set aside overruled, March 6, 1953.]

*C. Ballard Harrison*, pro se and *E. Miles Norton*, of Crown Point, for defendant.

*Charles C. Baker*, of Indianapolis, *Chester E. Bielby*, of Lawrenceburg, *Wilbur F. Dassel*, of Evansville, *Robert H. Moore*, of Gary, and *James R. Newkirk*, of Fort Wayne, Members of the Disciplinary Commission.

BOBBITT, J.—This proceeding was commenced on September 12, 1951, by the filing of an information in revocation of admission to practice law as an attorney in this state, by the Disciplinary Commission appointed by this court under Rule 3-21 of the Supreme Court of Indiana, 1949 Revision. An amended information was filed on July 10, 1952, to which defendant filed answer denying each and every material allegation of each and every rhetorical paragraph of said amended information.

Among the charges contained in the amended information is the following: "That said attorney C. Ballard Harrison has been convicted of a felony in the Criminal Court of Lake County, which said cause was appealed to the Supreme Court of Indiana and said conviction has been sustained by the Supreme Court." The records of this court, of which we take judicial notice,[1] conclusively sustain this charge. Our records further disclose that a petition for rehearing in *Harrison* v. *State* (1952), 231 Ind. 147, 106 N. E. 2d 912, in which defendant was convicted of

---

[1] See: State ex rel. Stanton v. Murray (1952), 231 Ind. 223, 108 N. E. 2d 251, 256; Rooker v. Fidelity Trust Co., Trustee (1931), 202 Ind. 641, 651, 177 N. E. 454.

perjury and sentenced by the Lake Criminal Court to the Indiana State Prison for not less than one (1) nor more than ten (10) years, was denied on October 6, 1952.

The practice of law is a privilege rather than a natural or vested right. *Hulbert* v. *Mybeck* (1942), 220 Ind. 530, 535, 44 N. E. 2d 830.

Acts 1937, ch. 88, §2, p. 452, §4-3614, Burns' 1946 Replacement, provides in relevant part as follows:

"Any circuit or superior court of the county in which an attorney resides shall revoke the admission of such attorney to practice law in the state of Indiana in a proceeding brought in conformity with the provisions of the statutes of Indiana, whenever:

"First. He has been convicted of a felony in any jurisdiction wherein the crime for which he was convicted is designated as a felony, or of a misdemeanor involving moral turpitude, in either of which cases, the record of conviction is conclusive evidence; or

"Second. He has committed a felony or a misdemeanor involving moral turpitude; or

"Third. He has wilfully violated any of the duties of an attorney, as prescribed by statute; or

"Fourth. He has wilfully violated his oath of an attorney."

This act, ch. 88, Acts 1937, supra, is not exclusive and has been construed "as providing a cumulative procedure for disbarment by circuit and superior courts which in no way circumscribes the jurisdiction conferred upon this court" by ch. 64, Acts 1931. *Beamer, Attorney General* v. *Waddell* (1943), 221 Ind. 232, 240, 45 N. E. 2d 1020.

The authority conferred upon this court by said ch. 64, *supra,* to admit attorneys to practice law in all

courts of the state carries with it the power to suspend or disbar them for such causes and under such reasonable conditions as this court may, in its judicial discretion, determine to be justifiable under the circumstances. *Beamer, Attorney General* v. *Waddell, supra.*

Section 4-3614, *supra,* defines certain specific causes for disbarment and when any of the provisions of this section are violated by an attorney whose right to practice law in this state is subject to the jurisdiction of this court, he is subject to discipline by this court for the causes specified in said section.

We construe the provisions of said §4-3614, *supra,* as being in aid of the power of this court to prescribe rules and regulations for the admission of attorneys to practice law in Indiana and for their suspension or disbarment, and not in limitation thereof.

It seems to us that the duty imposed upon circuit and superior courts by said §4-3614, *supra,* to disbar an attorney for the reasons therein set out, rests with equal weight upon this court.

Even in the absence of a statutory provision the conviction of an attorney of a felony is ground for suspension or disbarment. 7 C. J. S., Attorney and Client, §21(a), p. 736.

Since the records before us conclusively show that defendant was convicted of a felony in the Lake Criminal Court his answer to the amended information herein, filed in compliance with rule 3-24 of this court, does not form a material issue of fact on the charge that he has been convicted of a felony, notwithstanding defendant has by his answer denied that he has been so convicted.

Since one charge contained in the amended information is conclusively sustained by the records of this court, and since such charge is sufficient to constitute grounds for disbarment, no good purpose can be served by the appointment of a commissioner to hear and report the evidence pertaining to the other charges contained in the amended information.

For the reasons above stated, defendant should be disbarred and he is, therefore, disbarred; and the Clerk of this Court is hereby ordered to strike the name of defendant, C. Ballard Harrison, from the roll of attorneys of this state.

Draper, J., not participating.

NOTE.—Reported in 109 N. E. 2d 722.