## IN RE CRUMPACKER.

[No. 29,285. Filed December 22, 1955. Rehearing denied January 24, 1956.]

George E. Hershman, of Crown Point, *Straley Thorpe*, and *James J. Richards*, of Hammond, for appellant.

*J. Edward Barce*, of Kentland, for appellee.

*Owen W. Crumpacker*, of Hammond, pro se.

BOBBITT, C. J.—This action was commenced by the filing of "An Information and Motion to Disbar" in the Lake Superior Court under Acts 1937, ch. 88, §2, p. 452, being §4-3614, Burns' 1946 Replacement.

The issues were closed by the filing of a verified answer by respondent. Upon change of venue to the Newton Circuit Court, trial was had by the court which found for the respondent-appellee, Crumpacker, and entered judgment against relator-appellant accordingly.

*First:* We are confronted at the outset by a petition to consider the record filed in this appeal as an original information in this court and that the petition be considered as supplemental thereto.

Rule 3-21 of the Supreme Court, 1954 Edition, pertaining to disciplinary proceedings is as follows:

"Original actions to disbar, suspend, or otherwise discipline members of the bar of this state may be instituted in this court by the Attorney General of Indiana, or a commission of members of the bar of this court to be appointed annually by this court, without leave. No other person may commence such a proceeding without leave of court first had and obtained, and the clerk is directed not to permit such proceedings to be filed, except by the Attorney General or said commission, until such leave has been granted."

The petition here was not filed by the Attorney General or the Disciplinary Commission appointed by this court. Neither was leave obtained by relator-appellant for its filing. Because the petition in no manner complies with the provisions of Rule 3-21, *supra*, it is dismissed.

*Second:* Having disposed of the petition mentioned above, we will now consider the questions presented by the record on appeal.

Circuit and superior courts have jurisdiction concurrent with this court in disbarment proceedings brought in conformity with the provisions of §4-3614, *supra*. *Beamer, Attorney General* v. *Waddell* (1943), 221 Ind. 232, 45 N. E. 2d 1020; *In re Harrison, etc.* (1953), 231 Ind. 665, 109 N. E. 2d 722.

The grounds relied upon for reversal are: (1) That the decision and findings of the court are not supported by sufficient evidence; and (2) The decision and findings of the court are contrary to law.

The burden was upon relator, Harney, to establish the allegations of his information by a preponderance of the evidence, *In re Filipiak* (1953), 232 Ind. 414, 417, 113 N. E. 2d 282; and a decision against him cannot be attacked upon the ground

that the evidence is insufficient to sustain it. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 528, 104 N. E. 2d 669.

Relator-appellant may properly assert that the decision of the trial court denied him the relief to which he was entitled under the evidence and hence is contrary to law. *Pokraka* v. *Lummus Co., supra.*

To determine this question, however, we will consider only the evidence most favorable to respondent-appellee, together with any reasonable inferences which may be drawn therefrom; and it is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law. *Pokraka* v. *Lummus Co., supra.*

The evidence in the record before us—which we deem unnecessary to set out or summarize—is conflicting upon the only issue presented. From a careful examination of this record we cannot say that relator-appellant was denied the relief to which he was entitled. Hence, the decision of the trial court was not contrary to law and must be affirmed.

Judgment affirmed.

Landis, Arterburn, Achor and Emmert, JJ., concur.

NOTE.—Reported in 130 N. E. 2d 775.