BAKER ET AL. *v.* KEISKER.

[No. 29,342. Filed May 21, 1957.]

*Charles C. Baker,* of Indianapolis, *James R. New-kirk,* of Fort Wayne, *Robert Moore,* of Gary, *Wilbur F. Dassel,* of Evansville, and *Richard H. Montgomery,* of Seymour (all members of the Disciplinary Commission), for petitioners.

*Earl Keisker, pro se.*

Achor, C. J.—This is a proceedings in revocation of admission to practice law as an attorney in this state. The information was filed on October 11, 1955, by the Disciplinary Commission appointed by this court under Rule 3-21. Respondent filed his answer in which he denied the material allegations of the information.

After delay caused by respondent's motion for continuance, the Honorable Clarence G. Higi, of Muncie, Indiana, was appointed Commissioner on the 11th of April, 1956, to hear evidence and state findings of fact. Said Commissioner qualified on April 13, 1956, and set the cause for hearing for May 28, 1956. However, upon the request of relator the cause was again continued. The cause was reset and proceedings held on September 10 and 11, 1956.

The Commissioner filed his report in which he stated his findings of fact on January 31, 1957. The facts as found by the Commissioner involve three transactions which, in order of sequence, are as follows:

*One.* In March, 1951, respondent received a check for $450 from Mrs. Lessie Conner, with instructions to pay the same to one Mable Caldwell whom she owed on a promissory note. Respondent deposited the money in his personal account. Mrs. Caldwell later sued Mrs. Conner on the note and then discovered respondent's defalcation. She demanded but has not received payment. Respondent's claim to all of said sum as attorney's fees then due him by Mrs. Conner is not sustained by the evidence.

*Two.* In the fall of 1951, a Mrs. Hereford of Richmond, Indiana, was sued for divorce in Dallas County, Texas by her husband, who was in military service. She consulted respondent who, with her consent, employed an attorney in Texas at an agreed fee of $250. The fee was paid to respondent who deposited it to his own account and thereafter failed to send his check to the Texas attorney although he agreed to do so on several occasions when questioned about it. As a consequence, Mrs. Hereford suffered a default decree of divorce against her. The sum has not been repaid to Mrs. Hereford.

*Three.* On December 19, 1952 respondent received a check for $9,215.19 from a commissioner in a partition action for transmittal to a Mrs. Burns who owned a one-half interest in the real estate. The check was made payable to both respondent and Mrs. Burns. Respondent had Mrs. Burns endorse the check, then, although he had a trust account, respondent deposited the check to his personal account. Respondent claimed a fee of $790 which is not disputed. Although the entire balance was due, on February 26, 1953 respondent sent Mrs. Burns his check for only $2,000. Thereafter Mrs. Burns referred the collection of the balance to Robert L. O'Maley, attorney and prosecuting attorney, who first discussed the matter with respondent on March 6, 1953. On March 9, respondent mailed a check for $6,425.69 (representing the balance) to Mrs. Burns, which check was refused by the bank for insufficient funds. O'Maley again requested payment on March 14, without result. The check was honored on March 23, 1953 after O'Maley, as prosecuting attorney, "discussed the possibility of criminal action in the matter" with respondent. Neither the facts found by the commissioner or contained in the record justify this conduct by respondent.

"The practice of law is a privilege rather than a natural or vested right." *In re Harrison etc.* (1953), 231 Ind. 665, 667-668, 109 N. E. 2d 722. The privilege is contingent upon the faithful performance of the duties imposed upon the attorney by the society which grants him the privilege. The first and continuing requirement of an attorney is that he be of good moral character. Rule 3-12. Being of good moral character necessarily implies that he will conform to the moral standards of his profession as provided (1) by law, (2) by his oath of office and (3) by the code of ethics of the legal profession.

The statutory provisions regarding the revocation of the admission of an attorney to practice law are as follows:

"Any circuit or superior court of the county in which an attorney resides shall revoke the admission of such attorney to practice law in the state of Indiana in a proceeding brought in conformity with the provisions of the statutes of Indiana, whenever:

. . .

"Third. He has wilfully violated any of the duties of an attorney, as prescribed by statute; or

"Fourth. He has wilfully violated his oath as an attorney." Acts 1937, ch. 88, §2, p. 452, being §4-3614, Burns' 1946 Repl., sub-sections 3 and 4.

Although this act relates to disbarment proceedings before the circuit or superior courts, we have stated regarding it that:

"This act, ch. 88, Acts 1937, *supra,* is not exclusive and has been construed 'as providing a cumulative procedure for disbarment by circuit and superior courts which in no way circumscribes the jurisdiction conferred upon this court' by ch. 64, Acts 1931. *Beamer, Attorney General* v. *Waddell* (1943), 221 Ind. 232, 240, 45 N. E. 2d 1020.

"The authority conferred upon this court by said ch. 64, *supra,* to admit attorneys to practice law in all courts of the state carries with it the power to suspend or disbar them for such causes and under such reasonable conditions as this court may, in its judicial discretion, determine to be justifiable under the circumstances. *Beamer, Attorney General* v. *Waddell, supra.*

"Section 4-3614, *supra,* defines certain specific causes for disbarment and when any of the provisions of this section are violated by an attorney whose right to practice law in this state is subject to the jurisdiction of this court, he is subject to discipline by this court for the causes specified in said section.

"We construe the provisions of said §4-3614, *supra*, as being in aid of the power of this court to prescribe rules and regulations for the admission of attorneys to practice law in Indiana and for their suspension or disbarment, and not in limitation thereof.

"It seems to us that the duty imposed upon circuit and superior courts by said §4-3614, *supra*, to disbar an attorney for the reasons therein set out, rests with equal weight upon this court." *In re Harrison etc.* (1953), 231 Ind. 665, 667-668, 109 N. E. 2d 722, *supra*.

We next consider respondent's oath of office as to whether or not respondent wilfully violated that oath. With regard to that oath the statute provides as follows:

"Every person, before proceeding to discharge the duties of an attorney, shall take an oath to support the Constitution of the United States and of this state, and that he will faithfully and honestly discharge the duties of an attorney at law; . . ." §4-3606, Burns' 1946 Repl.

The statute which specifically enumerates the duties of an attorney at law provides in part as follows:

"It shall be the duty of an attorney:

. . .

"Ninth. To promptly account to and pay over (to) a client any moneys coming into the hands of the attorney and to which the client is lawfully entitled." §4-3608, Sub-section 9, Burns' 1946 Repl.

The oath which respondent took when he was admitted to the Wayne County Bar was, in fact, as follows: "I will support the Constitution of the United States, the Constitution of the State of Indiana, and that I will faithfully, honestly and impartially discharge the duties of my trust as Attorney at Law, to the best of my skill and ability, so help me God."

In addition to the moral responsibility of an attorney to faithfully account for and pay over moneys coming into his hands, as imposed by statute, the legal profession itself recognizes this duty of the attorney's trust as one of the most significant Canons on Professional Ethics of the American Bar Association, Number 11, provides:

> "Money of the client or collected for the client, or other trust property coming into the possession of the lawyer, should be reported and accounted for promptly, and should not under any circumstances be commingled with his own or be used by him."

In the light of the standard of moral conduct specifically prescribed by statute for attorneys at law and affirmed by the legal profession itself, we are constrained to conclude that the respondent has so violated the duties of his trust as an attorney at law that he is no longer entitled to the privilege of membership in the bar of this state.

For the reasons above stated, respondent should be disbarred and he is, therefore, disbarred; and the Clerk of this court is hereby ordered to strike the name of respondent Earl Keisker from the roll of attorneys of this state.

Emmert, J., not participating.

Arterburn, Bobbitt & Landis, JJ., concur.

NOTE.—Reported in 142 N. E. 2d 432.