STATE EX REL. INDIANA FLORIDA REALTY TRUST *v.*
THE HOWARD CIRCUIT COURT, ETC.

[No. 870S192. Filed December 7, 1970. No petition for rehearing filed.]

*Michael Sara,* of Indianapolis, for relator.

*Ellis & Gamble,* of Kokomo, for respondents.

HUNTER, C.J.—This is an original action in which the relator seeks a writ of mandate to be issued directing the Howard Circuit Court to vacate an order of Mandamus entered May 8, 1970. A brief recital of the events which preceded the Howard Circuit Court order will be necessary to understand the reasons advanced by the relator for the issuance of a writ by this court.

From October, 1966, certain real property situated in Howard County, Indiana, which belonged to various businesses, trusts and corporations came under the jurisdiction and control of the United States District Court for the southern district of Indiana for the purpose of reorganization under Chapter X of the Bankruptcy Act.

It appears from the record before us that sometime during 1968, the Howard County assessors undertook to reassess real estate for taxation purposes, including the parcels subject to the jurisdiction of the District Court by virtue of the bankruptcy proceeding. On or about the 15th day of July, 1969, the American Fletcher National Bank and Trust Company, Trustee in corporate reorganization filed in the office

of the Auditor of Howard County its petition to review the assessment made on each of the properties involved in the reorganization. Subsequent to the filing of that petition, but before the Board of Review could take any action thereon, the Trustee apparently abandoned the state proceeding thus initiated and petitioned the district court to reassess the property pursuant to the authority vested in that court under the Bankruptcy Act.

On September 12, 1969, the United States District Court issued an order which enjoined the County Review Board from hearing and passing on the Trustee's petition seeking reassessment there filed. Thereafter, on April 24, 1970, the District Court entered its order on the Trustee's petition for reassessment filed in that court, reducing the assessed valuation on each of the properties in question.

Following this action taken by the District Court, an action for mandamus was instituted in the Howard Circuit Court by one Joseph A. Noel, a taxpayer, seeking to compel the defendants therein, the Auditor and Treasurer of Howard County, to reassess the properties in accordance with the valuations set originally by the Township Assessors prior to the order of the District Court modifying such assessments. Upon a hearing, the Howard Circuit Court granted the taxpayer's request for relief and reinstated the assessments originally made by the Township Assessors for real estate tax purposes.

On May 28, 1970, the Trustee, petitioner here, filed in the Howard Circuit Court a motion to expunge its order of mandamus from the record for lack of jurisdiction. The motion was denied and petitioner now comes to this court seeking a writ of mandamus compelling the respondent to vacate its order.

In view of the remedies available to petitioner, we are of the opinion that the issuance of a writ by this court would be inappropriate. As we have noted in our court rules:

"Original actions for writs are viewed with disfavor. Counsel will not be allowed to use such writs as a vehicle for circumventing the normal appellate process. Writs will be granted only when a denial would result in extreme hardship." Rule O.A. (A)

Such a declaration was not meant to be taken lightly and to allow petitioner to here challenge the lower court's order by an original action in this court would in effect subjugate our appellate rules to the whim or convenience of petitioner.

An appeal from an order of mandate is provided for by Statute, Ind. Ann. Stat. § 3-2204 (1968 Repl.), with jurisdiction of such appeals vested in this court. Ind Ann. Stat. § 4-214 (1968 Repl.). Further, it is clear that adequate provision has been made in our rules of procedure to insure that petitioner in this case be afforded appellate review of the Howard Circuit Court order. From the nature of petitioner's interest in the property subject to the circuit court's order, it is clear that petitioner had the right to intervene after judgment under Trial Rule 24(c) for purpose of filing a motion to correct errors and thus to initiate an appeal. This being so, and in light of this court's strong policy against allowing the writ of mandate (see *State ex rel. Brueckner* v. *Jackson Cir. Ct.* [1967], 248 Ind. 377, 229 N. E. 2d 465 and cases there cited) or prohibition to be used as a substitute for an appeal, petitioner's request must be denied.

However, as respondent has pointed out, petitioner's motion to expunge the record filed in the Howard Circuit Court satisfies the requirements of Trial Rule 59 and thus may properly be considered a motion to correct errors. In view of the issues here involved and the dilemma faced by the parties subject to the conflicting orders of the Howard Circuit Court and the United States District Court, petitioner is hereby granted thirty days in which to effect an appeal of the circuit court order.

Petition for Writ of Mandate denied; time to file an appeal granted.

Arterburn, Givan and Jackson, JJ., concur. DeBruler, J., dissents without opinion.

NOTE.—Reported in 264 N. E. 2d 315.