In the Matter of the Suspension of A. Vance McQueen by the Shelby Superior Court.

A. Vance McQUEEN, Appellant,

v.

STATE of Indiana, Nominal Appellee.

No. 579S136.

Supreme Court of Indiana.

Nov. 29, 1979.

Frank E. Spencer, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for nominal appellee.

HUNTER, Justice.

Appellant, A. Vance McQueen, is a practicing attorney, admitted to the bar of this Court. He was the defense attorney for one Alan Dale Hicks in a criminal prosecution in the Shelby Superior Court, the Honorable George R. Tolen, Judge. Defendant Hicks was convicted by a jury. After the trial, Judge Tolen allegedly made comments to the effect that people, such as defendant, who are hooked on drugs, are not in fact human beings because they don't function as human beings. Attorney McQueen then filed a motion for change of venue from the judge for sentencing, alleging bias and prejudice as grounds for his motion. Affidavits of six jurors were filed in which the jurors stated that the allegations in the verified motion was substantially correct in setting out the content of Judge Tolen's remarks. At the hearing on the motion, the defendant, the prosecuting attorney, a deputy sheriff and a local attorney all testified and corroborated the allegation.

Following this evidence, the court ruled that McQueen in preparing the affidavit for Hicks, had intentionally misrepresented the court's remarks. Accordingly, Judge Tolen suspended appellant McQueen from the practice of law in the Shelby Superior Court for a period of ninety days.

McQueen thereafter filed a "Verified Motion to Vacate Finding and Judgment," contesting the legality and propriety of said

suspension. He now appeals from the trial court's denial of that motion. This Court has jurisdiction over all appeals involving discipline of attorneys admitted to the practice of law. Ind.R.Ap.P. 4(A)(2).

We note that although a properly denominated motion to correct error was not filed, the motion to vacate finding and judgment served the purpose of a motion to correct error. Pleadings are to be examined and treated as to their content rather than their captions. See *Hawkins v. Jenkins*, (1978) Ind., 374 N.E.2d 496. As the motion in the case at bar meets the requirements of Ind.R.Tr.P. 59 as to its content, we may consider it as a motion to correct error. *State ex rel. Indiana Florida Realty Trust v. Howard Cir. Ct.*, (1970) 256 Ind. 11, 264 N.E.2d 315.

Appellant McQueen challenges both the jurisdiction of the trial court in this matter and the propriety of the judges's remarks. For reasons which follow we find that the trial court was without jurisdiction to suspend attorney McQueen from the practice of law.

This Court has long given to trial courts the power to punish misconduct of attorneys and others. We have held that, "To protect itself against gross violations of decency and decorum, is a necessary incidental power of a Court." *Brown v. Brown*, (1853) 4 Ind. 627, 627, 58 A.D. 641. However, the *Brown* case does not grant a trial judge the power to suspend attorneys from the practice of law in his court. In the *Brown* case the trial court did not go so far as to suspend plaintiff's counsel. Rather, the court in *Brown* merely taxed the costs of the litigation to the attorney as a result of his misconduct.

Appellant, in his reply brief, concedes that a trial judge can protect his court against insult and gross violations of decorum by the infliction of summary punishment by fine, imprisonment or both via a contempt citation. We do not question this authority. Ind.Code § 34-4-7-1 and 6 (Burns 1973); *Ex Parte Smith*, (1867) 28 Ind. 47.

However, in *Ex Parte Smith*, this Court held that a trial court could not suspend an attorney in a summary proceeding, but rather had to follow the disciplinary procedure set out by statute. The statute at that time placed the power to suspend in "any court of record." 2 G. & H. § DCCLXXVII, p. 329 (1870).

The disciplinary powers of trial courts have steadily eroded since the 1930s. In 1931, Burns Ind.Stat.Ann. § 4-3605 (see 1933 Ed.) was amended to read:

> "The Supreme Court of this state shall have exclusive jurisdiction to admit attorneys to practice law in all courts of the state under such rules and regulations as it may prescribe."

In *Lane v. Campbell*, (1938) 214 Ind. 376, 14 N.E.2d 552, this Court held that the above act effectively repealed a prior statute which empowered the courts of each county to determine whether attorneys practicing in those courts by virtue of their admission to practice law in other counties were of good moral character. However, every court of general jurisdiction maintained the "plenary power to discipline the members of *its own* bar and those practicing before it . . . ." *Beamer, Attorney General v. Waddell*, (1943) 221 Ind. 232, 240, 45 N.E.2d 1020, 1022 [emphasis added]. The *Waddell* case also established that Burns Ind.Stat. Ann. § 4-3614 (see 1946 Repl.)[1] did not

---

1. "4-3614. *Revoking admission of attorney.* —Any Circuit or Superior Court of the county in which an attorney resides shall revoke the admission of such attorney to practice law in the State of Indiana in a proceeding brought in conformity with the provisions of the statutes of Indiana, whenever:

"First. He has been convicted of a felony in any jurisdiction wherein the crime for which he was convicted is designated as a felony, or of a misdemeanor involving moral turpitude, in either of which cases, the record of conviction is conclusive evidence; or

"Second. He has committed a felony or a misdemeanor involving moral turpitude; or

"Third. He has willfully violated any of the duties of an attorney, as prescribed by statute; or

"Fourth. He has willfully violated his oath as an attorney. [Acts 1881 (Spec.Sess.), ch. 38, § 842, p. 240; 1937, ch. 88, § 2, p. 452.]"

confer exclusive suspension powers in trial courts but that the Supreme Court had concurrent jurisdiction with the circuit and superior courts in disciplinary matters. This concurrent jurisdiction reflected a transition from admission of attorneys by any court of record prior to July 1, 1931, to the exclusive admission by the Supreme Court thereafter. The Court reached a similar conclusion in *In Re Harrison*, (1953) 231 Ind. 665, 109 N.E.2d 722.

> "We construe the provisions of said § 4–3614, *supra*, as being in aid of the power of this court to prescribe rules and regulations for the admission of attorneys to practice law in Indiana and for their suspension or disbarment, and not in limitation thereof.
>
> "It seems to us that the duty imposed upon circuit and superior courts by said § 4–3614, *supra*, to disbar an attorney for the reasons therein set out, rests with equal weight upon this court." 231 Ind. at 668, 109 N.E.2d at 723.

In 1940, the Supreme Court adopted Rule 3–7 to facilitate circuit and superior court disciplinary actions. In 1943, this Court adopted Rule 3–22 which provided:

> "Original actions to disbar, suspend or otherwise discipline members of the bar of this state may be instituted in this court by the Attorney General of Indiana, without leave. No other person may commence such a proceeding without leave of court first had and obtained, and the clerk is directed not to permit such proceedings to be filed, except by the Attorney General, until such leave has been granted." Rules of The Supreme Court of Indiana (1943).

This rule was subsequently amended, as Rule 3–21, to provide in relevant part:

> "This Court shall have *exclusive* jurisdiction of original actions to disbar, suspend or otherwise discipline members of the bar of this State. Such proceedings may be instituted in this Court without leave by the Attorney General of Indiana or a

Disciplinary Commission appointed by this Court. No other person may commence such a proceeding without leave of Court first obtained, and the clerk is directed not to permit such proceedings to be filed except as herein provided." Rules of The Supreme Court of Indiana (1967) [emphasis added; footnote omitted].

The effect of the exclusivity of Rule 3–21 was described in a footnote which provided that the rule superseded, *inter alia*, Rule 3–7 and Burns Ind.Stat.Ann. § 4–3614 (1946 Repl.). It was at this point that the authority to suspend attorneys vested in the circuit and superior courts of this state was completely abolished.

Among the 1970 amendments to the Indiana Constitution was Art. 7, § 4 which provides in part:

> "The Supreme Court shall have no original jurisdiction except in admission to the practice of law; discipline or disbarment of those admitted . . . ."

In 1971, this Court amended prior Rule 3–21 by adopting Ind.R.Adm. & Dis. 23 which provided:

> "This court shall have exclusive jurisdiction of original actions to disbar, suspend or otherwise discipline members of the bar of this state. Such proceedings may be instituted in this court without leave by the attorney general of Indiana or a disciplinary commission appointed by this court. No other person may commence such a proceeding without leave of court first obtained, and the clerk is directed not to permit such proceedings to be filed except as herein provided." Indiana Rules of Court (1971).

On June 23, 1971, the Supreme Court established a full-time disciplinary commission with exclusive power to enforce our code of professional responsibility. The relative portion of Ind.R.Adm. & Dis. 23 now reads:

> "This Court has exclusive jurisdiction of all cases in which an attorney who is admitted to the bar of this Court or who

practices law in this State . . . is charged with misconduct." Indiana Rules of Court (1978).

 Again, we emphasize that a trial court can punish an attorney for contempt of court. Ind.Code § 34–4–7–1 (Burns 1973). However, suspension of that attorney from the practice of law in a particular court is not among the court's available punishments for contempt. Ind.Code § 34–4–7–6 (Burns 1973).

The discretion to suspend attorneys invites abuse. The possible abuses of this power present a haunting specter. Scattered suspension throughout the trial court system would serve neither the legal profession nor the clients who would have to switch counsel while their litigation was pending because of the summary suspension of their original counsel in another cause. The orderly procedures of our Disciplinary Commission best serve the needs of this state's legal profession and its citizenry.

The suspension of appellant by the trial court in the case at bar was an *ultra vires* act by the clear language of Art. 7, § 4 of the Indiana Constitution and the implementing rules adopted thereunder. Therefore, the judgment of the Shelby Superior Court is reversed and remanded to said court with instructions to expunge from its records the order suspending A. Vance McQueen from the practice of law in the Shelby Superior Court. Since the order appears in two causes we specifically instruct the trial court to expunge the order from both Sup. CR 78–36 and Sup. CR 78–183.

DeBRULER and PRENTICE, JJ., concur.

PIVARNIK, J., concurs in result only with opinion in which GIVAN, C. J., concurs.

PIVARNIK, Justice, concurring in result only.

I concur in the result reached by the majority in this case, but I cannot agree with the conclusion reached by the majority that under our present law, "suspension of that attorney from the practice of law in a particular court is not among the court's available punishments for contempt."

The Indiana Constitution and the Rules adopted by this Court now provide that this Court shall have original and exclusive jurisdiction over the discipline and disbarment of attorneys charged with misconduct. Ind. Const. art. 7, § 4; Ind.R.Adm. & Dis. 23, § 1. Nevertheless, this Court has long applied a firm rule that "[t]he orderly procedure of the trial court should be left to the sound legal discretion of the court trying the cause." *State ex rel. Rooney v. Lake Cir. Ct.*, (1957) 236 Ind. 345, 140 N.E.2d 217, cited with approval in *State ex rel. White v. Marion Sup. Ct.*, (1979) Ind., 391 N.E.2d 596.

In 1853 this Court stated:

"To protect itself against gross violation of decency and decorum, is a necessary incidental power of a Court. They have the right to punish in this way such misconduct as is alleged in this case on the part of an attorney. It is a power to be exercised at the sound discretion of the judge and this Court can interfere only where it is shown to have abused its discretion."

*Brown v. Brown* (1853) 4 Ind. 627.

This Court held in *Beamer, Attorney General v. Waddell*, (1943) 221 Ind. 232, 240, 45 N.E.2d 1020, 1022:

"To summarize we hold that every court of general jurisdiction possesses plenary power to discipline the members of its own bar and those practicing before it; that by necessary implication the Act of 1931 vesting exclusive jurisdiction in this Court over admissions to the bar, and the rules adopted pursuant thereto, render all attorneys of this state amenable to the jurisdiction of this court as effectually as if they were admitted by it; and that for the reasons heretofore stated, the Act of 1937, giving Circuit and Superior courts jurisdiction of disbarment in certain cases, is not exclusive. The act of 1937 is, therefore, construed as providing a cumulative procedure for disbarment by circuit and superior courts which in no way circumscribes the jurisdiction conferred upon this court by the Act of 1931."

I think we should hold that it is still the law that the power to suspend lawyers from his particular court is a necessary incidental power of a court to enable a judge to control proceedings in his court, even though original and exclusive jurisdiction to discipline, suspend and disbar attorneys from the practice of law rests in this Court, and that trial courts nevertheless retain inherent power to suspend attorneys from their particular courts when such attorneys violate accepted standards of decency, decorum and ethics.

GIVAN, C. J., concurs.