## IN RE BROWN.
(245 N. W. 824.)

(File No. 7423. Opinion filed December 13, 1932.)

*M. Q. Sharpe*, Attorney General, and *Frank Mitchell*, Assistant Attorney General, for Accusers.

*Danforth & Davenport*, of Sioux Falls, for Accused.

PER CURIAM. The complaint filed in the above entitled matter alleges substantially as follows: That Edwin L. Brown was admitted to practice law in the state of South Dakota by motion of February 12, 1901, and for some time thereafter he practiced at Parker in this state; that he later moved to the state of Wyoming and was there admitted to practice as an attorney at law upon his certificate from the state of South Dakota; that on the 9th day of September, 1930, the said Edwin L. Brown was suspended from practicing law in the state of Wyoming for three years from the date of said order of suspension, for conduct unbecoming an attorney at law, which order it is alleged is still in force and effect and has never been revoked; that, after his suspension in the state of Wyoming, the said Edwin L. Brown removed to this state and resumed the practice of his profession in this state. The answer filed by Edwin L. Brown admits the above facts, and alleges, by way of a defense, that there was no basis for the entry of the suspension order at the time of its entry in the courts of Wyoming, and, further, that so far as his practice in South Dakota is concerned, he has always conducted himself properly and has never been knowingly guilty of any unprofessional conduct.

The Attorney General has made a motion, which substantially amounts to a motion for judgment on the pleadings. The basis for the motion is that this court should, under the laws of comity between states, recognize the judgment of the Wyoming court, and, it having been admitted by the pleadings that the judgment of the Wyoming court is still in force and effect, should enter a judgment herein giving effect to the Wyoming judgment in this jurisdiction. The motion was brought on for hearing, and the matter is now before us for our determination.

This court in the case of Danforth v. Egan, 23 S. D. 43, 119 N. W. 1021, 1026, 139 Am. St. Rep. 1030, 20 Ann. Cas. 418, speaking with reference to the effect in another state of a judgment of disbarment entered by the Supreme Court of this state, said: "Against that would stand the judgment of the Supreme Court

of this state saying he was 'not learned in the law,' a judgment which, under the law of comity between states, would undoubtedly be recognized by the courts of the state granting appellant his license, and cause such courts to refuse to recognize him as an attorney so long as the judgment of this court stands."

It is true that the judgment of the Wyoming court was not a judgment of disbarment, but rather a judgment of suspension; however, we see no good reason why, under the law of comity between states, we should not recognize this judgment of suspension in the same manner as we would recognize a judgment of disbarment under the authority of the above-cited case.

We are of the opinion that in this case we should recognize the judgment of the Wyoming court, and it will be the judgment of this court that the said Edwin L. Brown he suspended from all the rights of a practicing attorney in the courts of this state; such suspension to continue until the 9th day of September, 1933, or until such time as it is made to appear that the judgment of suspension of the Wyoming court has been modified or set aside.

All the Judges concur except ROBERTS and WARREN, JJ., disqualified and not sitting.