[Civil No. 4225.   Filed April 29, 1940.]

[101 Pac. (2d) 790.]

In the Matter of EMILE V. VAN BEVER, a Member of the State Bar.

Mr. James E. Nelson, Attorney for State Bar of Arizona.

Messrs. Struckmeyer & Flynn, for Respondent.

LOCKWOOD, J.—James E. Nelson, as secretary of the state bar of Arizona, hereinafter called petitioner, filed in this court a petition setting up the following facts. Emile V. Van Bever, hereinafter called respondent, was admitted to practice before the Supreme Court of Arizona in 1917. On or about September 25, 1939, respondent called on petitioner at the office of the latter, and stated that he had been out of Arizona for

a number of years, but had returned and was making his residence in the city of Prescott; that he had just learned of the organization of the state bar, under chapter 66 of the regular session of 1933, and desired to pay up his arrearages of dues because he intended to engage in the practice of law in Prescott. He further stated that he had been for several years in an intelligence service and traveling almost continuously, but had now retired from that employment. Relying upon this statement, and learning upon inquiry of the clerk of this court that her records showed respondent was a member of the bar in good standing, petitioner collected the amount of arrearages due under chapter 66, *supra,* and issued to respondent a certificate therefor, whereupon the latter commenced the practice of law in Prescott. Shortly thereafter petitioner learned from other sources that respondent, between the years 1922 and 1933 had practiced law in the city of Santa Barbara, California, and that while engaged in such practice he was charged before the state bar of California with unprofessional and unethical conduct. The charges took their regular course and eventually resulted in the Supreme Court of California, on August 28, 1933, permanently disbarring respondent from practice in that state.

It was further stated that at the time respondent paid his arrearages he did not in any manner disclose to petitioner, or to any officer of the state bar, that he had been disbarred in California. Petitioner, therefore, submitted the matter to this court for such action as was appropriate, and this court issued a citation requiring respondent to appear and show cause why he should not be disbarred for his failure to disclose the fact of his disbarment in California.

Respondent answered, admitting in substance all the allegations of the petition and his disbarment in California, and stating that although he knew of the dis-

barment proceedings pending against him, he did not appear in the Supreme Court of California to contest the disbarment, but removed to Chicago, where he had previously been admitted to the bar, and practiced there for several years, and then became engaged in the work of investigating crime, in which he continued for some time. Thereafter he returned to Arizona and paid to petitioner his arrearages in dues, but that the latter never asked him any questions which related directly or indirectly to his standing as a member of the California bar.

Petitioner demurred to the answer on the ground that it did not constitute a defense to the charges pending against respondent. Briefs were submitted, and the whole matter is now before us for our determination as to what, if anything, should be done in the premises.

Respondent admits very frankly that this court has the power at all times to investigate the moral fitness of one who has been admitted to practice before it, and if it appears that it is not in the best interests of the public and the profession that he be permitted to continue such practice, to disbar him. He also admits that one who seeks admission to the bar is under the duty of making full disclosure of any fact material to the issue of his moral fitness, and that a willful concealment of such facts warrants disbarment if the admission was procured by reason of such concealment. He contends, however, that under all the facts and circumstances of the present case there was no duty incumbent upon him at the time he paid his arrearages to the state bar to disclose the fact that he had been disbarred previously in California.

Respondent was admitted to practice in this state in 1917, and from that time to this no action has been taken by this court disciplining him in any manner. He was, therefore, a member of our bar in good stand-

ing at the time of his payment of the arrearages of bar dues, except as such good standing was affected by chapter 66, *supra,* commonly known as the "State Bar Act." That act creates a public corporation known as the state bar, and says that its first members shall include all persons who were at the time of its enactment entitled to practice law in Arizona. By its terms respondent automatically became a member of the state bar when the act was adopted. It was further provided that all members of the state bar should pay an annual membership fee. This fee was payable on or before February 1st of each year, and it was further provided that any member who failed to pay the annual fee after it became due, *and after two months' written notice of his delinquency,* should be suspended by this court from membership in the bar, but that he might be reinstated upon payment of the accrued fees, and a penalty to be fixed by the board of governors.

There is no contention that respondent was ever given the required two months' written notice of delinquency. Until actually suspended, notwithstanding that he was in arrears on his dues, he was a member of the bar in good standing. He was, therefore, entitled to pay his arrearages of dues as a matter of right, and upon such payment was no longer subject to suspension for such delinquency. But was respondent at the time he called upon petitioner and tendered his arrearages under an obligation to make any statement whatever as to his past conduct or situation? Even had he made a full and complete disclosure of his disbarment in California, petitioner could not have refused to accept the arrearages and to issue him a certificate showing payment, for the action of the Supreme Court of California has no extraterritorial effect and does not automatically act as a disbarment from practice in Arizona. Nor has our state bar the right of

disbarment. That power can be exercised only by this court.

We think respondent was under no duty to disclose his California disbarment at the time he tendered his arrearages, since he did not receive anything by reason of such failure to disclose that could have been withheld from him by petitioner had he made a complete disclosure. It follows that a failure to volunteer information in regard to the California disbarment is not a ground for action by this court.

This, however, does not mean that he may not be subject to discipline on other grounds. A judgment of a sister state disbarring an attorney is, in our opinion, entitled to full faith and credit in Arizona, in the the same manner as a judgment in a civil and criminal action obtained in that state. If the matter is called to our attention in disciplinary proceedings based thereon, it is our duty to accept as conclusive that respondent has been disbarred in California for the acts there charged, and that he is guilty of such acts. If it is our opinion that the conduct so conclusively established is such as shows an unfitness for the practice of law, it would be our duty to disbar the offender from practice in Arizona. Disbarment, however, is not always necessarily final. "While the lamp holds out to burn, the vilest sinner may return," and it sometimes happens that one who has been disbarred for unethical conduct may by his subsequent life convince the court that he is again worthy of being admitted to the practice of law, and if such be the case this court may, as have other courts under similar circumstances, reinstate the offender.

Applying these principles to the present case, we must assume on the record submitted to us that respondent at the time he was disbarred in California was guilty of conduct which would necessarily require disbarment in Arizona also. Seven years, how-

ever, have elapsed since such disbarment. It is possible that the conduct of respondent has been such during the seven years that it shows he is again worthy of trust. If this be true, and the burden of proof is upon him to establish the fact affirmatively to our satisfaction, it would be foolishly technical for this court to disbar him for his conduct in California, and immediately to reinstate him on his showing of repentance and reform.

The order to show cause in the present case is discharged, with leave to the state bar to file a petition for disbarment based upon the fact that he was disbarred in California, when respondent may, if he so desires, make a showing in confession and avoidance along the lines indicated in this opinion.

ROSS, C. J., and McALISTER, J., concur.