[Civil No. 4420.   Filed December 15, 1941.]

[120 Pac. (2d) 403.]

In the Matter of EMILE V. VAN BEVER, a Member of the State Bar.

No Appearance for State Bar.

No Appearance for Respondent.

LOCKWOOD, C. J.—Emile V. Van Bever, called respondent, was admitted to practice before the supreme court in this state in 1917.  He left Arizona some time before 1922 and did not return to make his residence here until September 25, 1939, when he called upon the secretary of the State Bar and stated that he had been out of Arizona for a number of years, but had returned to practice in this state again; that he had just learned of the integration of the State Bar under chapter 66 of the session laws of 1933, and desired to pay his arrearage of dues.  Relying upon this statement, and learning that respondent had never

been suspended nor disbarred by order of this court, the secretary accepted the arrearage due and issued a certificate to respondent therefor, whereupon the latter commenced the practice of law in Prescott.

Shortly thereafter the secretary was informed that respondent had been disbarred in California for unprofessional conduct. He, therefore, submitted the matter to this court on an order to show cause why respondent should not be disbarred because the latter had concealed his California disbarment when he applied for permission to pay his delinquent dues, as aforesaid. Respondent replied that he had never been asked about his standing in California and had made no false statements in regard thereto. We held, in substance, that respondent could not be disbarred for his failure to disclose voluntarily the facts of his previous disbarment in California, but that such disbarment was a ground for disbarment in this state, and if the matter were properly called to our attention, we must accept as conclusive the judgment of the California courts that he had been disbarred there and was guilty of the acts on which said disbarment was based. Since, however, the California disbarment occurred some six years before the matter came to our attention, we also held it might be that the conduct of respondent had been such during that period that he would be entitled to reinstatement and that it would be foolishly technical, if such were the fact, for us to disbar him and immediately reinstate him. The order to show cause was, therefore, discharged, with leave to the State Bar to file charges based directly on the California disbarment, and granting to respondent the privilege of making a showing in confession and avoidance along the lines set forth above. *Re Van Bever,* 55 Ariz. 368, 101 Pac. (2d) 790.

The Bar followed this course and respondent was given notice and opportunity to appear before both the local administrative committee and the board of governors of the State Bar. He did appear before the former and some evidence was taken as to his conduct since he had returned to Arizona. He did not, however, appear before the board of governors.

The administrative committee found that his conduct, since his return to Arizona, had not been such as to indicate that his character had changed since his disbarment in California but that he had continued to some extent at least the same course of conduct which had led to his disbarment in that state, and recommended that he be disbarred. The board of governors sent the record to us without recommendation, which, in our opinion, amounts to a statement that it was not convinced his conduct since his disbarment in California was such as to justify his continuance in the practice in Arizona.

██ On an application for reinstatement it is incumbent upon the applicant to show affirmatively that his conduct is such as to warrant the belief that it is in the best interest of the public that he be reinstated. Upon a careful examination of the findings in the California disbarment and the evidence as to his conduct in this state since that time, we find nothing to justify a belief that it will be in the public interest that he be permitted to practice law in Arizona.

The respondent is, therefore, disbarred.

McALISTER and ROSS, JJ., concur.