248, 3 S.W.2d 624, 625. But it was not necessary to define the word in this case. Appellant does not say that it was so dark that one could not see a weapon if exposed. On the other hand, the officer's testimony that he could see fairly well, and that he saw no part of the weapon, and the testimony of appellant that the weapon was not concealed, made an issue of fact to be determined by the jury.

When the case was called for trial, appellant moved for a continuance on the ground that Hall was a material witness and was absent. He filed his affidavit and that of his counsel, the latter showing that process had been issued for Hall and not returned. Appellant's affidavit stated that Hall would say that he was with him until the officers' car was seen approaching and then "went and hid behind the barn;" that if present he would state that he (appellant) was not drunk, and that the handle of the pistol was protruding from his pocket.

 It may be observed that the affidavit is technically defective in failing to say that Hall was within the jurisdiction of the court. Benge v. Commonwealth, 92 Ky. 1, 17 S.W. 146; Rogers v. Commonwealth, 188 Ky. 817, 244 S.W. 348. Moreover, from a practical standpoint it is very doubtful if Hall's testimony "in person" would have redounded to the benefit of appellant. It may be that when he left the car the pistol was not concealed. However this may be, we have in numerous instances held that in ruling on a motion for continuance the court is vested with wide discretion, and the ruling will not be disturbed unless it is shown that there was an abuse of that discretion. Toler v. Commonwealth, 295 Ky. 105, 173 S.W. 2d 822; McCormick v. Commonwealth, 300 Ky. 445, 189 S.W.2d 405. We are of the opinion that here there was no abuse of discretion.

The alleged improper remark by the prosecuting attorney occurred in this way. When counsel had completed the reading of the affidavit of appellant, the county attorney suggested that it should be stated "that

is Mr. Tackett's affidavit." Objection was interposed, but the court, instead of making a specific ruling, told the jury "that it had been agreed that if the absent witness were present he would testify as the words were read by Mr. Hobson." If it be deemed that the court's advice amounted to an overruling of the objection, the record does not show the saving of an exception, Brown v. Commonwealth, 199 Ky. 831, 251 S.W. 994, nor that this complaint was embodied in the motion for a new trial. We are of the opinion that the court properly submitted the case to the jury, and committed no prejudicial error in other rulings.

The judgment is affirmed.

### In re CLAY.

Court of Appeals of Kentucky.

June 19, 1953.

As Modified on Denial of Rehearing
Oct. 16, 1953.

J. D. Buckman, Jr., Atty. Gen., and John B. Browning, Asst. Atty. Gen., for Ky. State Bar Ass'n.

L. C. Fielder, Ashland, and Funk, Chancellor & Marshall, Frankfort, for respondent.

## PER CURIAM.

On motion of the Kentucky State Bar association this court issued a rule against J. M. Clay, of Cattlettsburg, Kentucky, to show cause why he should not be punished for contempt for the unauthorized practice of law.

Mr. Clay filed his response to the motion averring that he had been regularly admitted to the bar of this State and filed an order of the Letcher Circuit Court entered on January 14, 1907, showing "on motion of Robert Blair, J. M. Clay was sworn as a practicing attorney at this bar, as required by law."

The record before us shows the hearing on this rule was to be on affidavits or depositions. The Bar Association filed as its proof a duly attested copy of the judgment of the Circuit Court of Lincoln County, West Virginia, which was entered on April 9, 1946, disbarring Mr. Clay from the practice of law in that court, and the other courts in the State of West Virginia, "upon charges of malpractice as an attorney before this Court."

As his only proof respondent filed the affidavits of Wayne Stollings and James Gray, both ex-convicts, that they were forced to testify against Clay in the disbarment proceedings in West Virginia and their testimony was given under duress and was not true.

Without questioning whether or not respondent was duly qualified to practice law when the order was entered in the Letcher Circuit Court, or whether he is the J. M. Clay referred to therein, we are confronted by the fact of the judgment of the West Virginia court showing he was disbarred in that state in 1946. There is nothing in the record to show that respondent has been reinstated in West Virginia since his disbarment. Respondent seeks to attack the West Virginia judgment by the affidavits of the two ex-convicts above mentioned. Under the full faith and credit clause of the United States Constitution, Art. 4, § 1, the judgment of a foreign state can only be impeached for want of jurisdiction or for fraud. Anderson v. Reconstruction Finance Corp., 281 Ky. 531, 136 S.W.2d 741. The jurisdiction of the West Virginia court is not attacked, and we are not impressed by the affidavits of the two ex-convicts that they were forced to testify falsely against respondent in the West Virginia disbarment proceedings.

This case is not unlike In re Brown, 60 S.D. 628, 245 N.W. 824, where an attorney was suspended by the Wyoming court from practicing in that state. Thereupon, he returned to South Dakota where he had been admitted to the bar prior to taking up his residence in Wyoming, and resumed practice. The South Dakota court was of the opinion it should recognize the judgment of the Wyoming court, and held that the attorney be suspended from all the rights of a practicing attorney in the courts of South Dakota as long as the Wyoming judgment is in effect. See 5 Am.Jur. "Attorney at Law" § 256, p. 415; Annotations 173 A.L.R. 298; In re Isserman, 345 U.S. 286, 73 S.Ct. 676.

We hold the rule should be made absolute against respondent and that he be prohibited from practicing law in this state so long as he remains disbarred in West Virginia.