NOLAN *v.* BRAWLEY.

[No. 30,835. Filed March 6, 1969. Rehearing denied April 16, 1969.]

*John J. Dillon,* Attorney General, for petitioners.

*Abe Latker,* of Fort Wayne, for respondent.

PER CURIAM.—This is an original disciplinary action instituted by the filing of an information for the revocation or suspension of admission to practice law by members of the Disciplinary Commission, appointed by the Supreme Court of Indiana, pursuant to Rule 3-21 of said court.

On September 8, 1965, the Attorney General of Indiana, pursuant to the written request of the Disciplinary Commission filed Information in six rhetorical paragraphs for the Revocation or Suspension of Admission to Practice Law against George R. Brawley.

The respondent, on September 20, 1965, submitted his Answer to Information for the Revocation or Suspension of Admission to Practice Law, denying the allegations contained in Rhetorical Paragraphs 1, 2, 3, 4, 5 and 6 of the Information, and for an affirmative answer in four paragraphs stated facts in mitigation of the allegations of the Information, and in the fifth paragraph denied that he had resigned, that his resignation was for due cause and not in violation of the law as follows:

> "That the said George R. Brawley resigned from the Wisconsin Bar for reasons that were personal and not in violation of any law; and that prior to the commencement of this action, he had filed a petition for reinstatement as a member of the Wisconsin Bar, which petition is pending, has been supported by more than 18 members of the Wisconsin Bar, including Mr. Stewart J. Honeck, former Attorney General. That a large number of copies of the letters of support of said petition have been filed with the Indiana Disciplinary Commission."

After having moved to dismiss rhetorical paragraphs 1 through 4, which motion was granted by the commissioner,

the Attorney General proceeded against the respondent ■ solely on the basis of his being removed from the roll of attorneys in Wisconsin for due cause. By reason of such removal, the respondent is not a fit and proper person to practice law in Indiana, and his misconduct in Wisconsin is not to be condoned in Indiana and would form the basis for disciplinary action in Indiana.

The respondent in his exceptions to the Findings of Fact alleges the findings were contrary to the evidence and the findings did not contain all the facts in evidence in this matter.

A commissioner was appointed to hear and report the evidence and make findings of fact. Said hearing was held before the commissioner. The respondent and his attorney, pursuant to the direction of this court, were given fifteen (15) days from the date of the filing of the Findings of Fact to file with this court exceptions. Exceptions were duly filed by respondent and the petitioners.

It was found that respondent George R. Brawley was duly admitted to practice law in the State of Indiana in the year 1935; the said respondent was duly admitted to practice law in the State of Wisconsin on July 10, 1939. In the year 1957 complaints were filed under the procedures and rules of the State of Wisconsin which alleged professional misconduct by George R. Brawley in the State of Wisconsin.

Said Findings of Fact were made as follows:

George R. Brawley is an attorney at law licensed and practicing under the laws of the State of Wisconsin with his residence in Milwaukee, Milwaukee County, which county is within the jurisdiction of this Committee.

During the months of October and November of 1956, Sanford Carter, a real estate broker in the City of Milwaukee, County of Milwaukee, State of Wisconsin, paid over to said George R. Brawley $1,500 to be applied as the down payment on a property allegedly owned or about

to be acquired by an undisclosed client of said George R. Brawley.

Said George R. Brawley submitted a check dated June 29, 1957, and drawn on his account at the Teutonia Bank of Milwaukee, Wisconsin to Sanford Carter, broker and William Clanton, principal in repayment of said $1,500. Said check was not honored by the bank because there were insufficient funds in the account. Said $1,500 has been used by George R. Brawley for personal purposes.

During the year 1953 said George R. Brawley was retained by Sylvester Jenkins and Estella Jenkins. During said year George R. Brawley received the sum of $2,250, which sum belonged to Sylvester and Estella Jenkins for the sale of real estate in the City and County of Milwaukee. Said sum of $2,250 has not been paid to Sylvester and Estella Jenkins except for the sum of $450 and that said George R. Brawley admits that he has taken said sum of money which belongs to Sylvester and Estella Jenkins and converted it to his own use.

During the year 1954 George R. Brawley was retained by Cecile Gonzalez (Mrs. William James Suber) and that $278.00 was paid to said George R. Brawley presumably to cover costs for a sheriff's bond. That said George R. Brawley did not use said sum for the purpose for which it was given and has converted the same to his own use.

By the rendering of the Findings to the State Bar in Wisconsin, the conclusions were as follows:

Each act of converting funds belonging to clients as outlined above was professional misconduct under the provisions of Rule 9 of the Rules of the State Bar of Wisconsin.

For such acts of professional misconduct the Committee is of the opinion that the facts warrant a complaint to the State Bar Commissioners.

Thereafter the following order was made:

It is, therefore, ordered by the Committee that copies of this report together with copies of the complaints, shall be mailed to the Secretary of the State Bar Commissioners for further proceedings of the State Bar Commissioners.

The commissioner found that while said disbarment proceedings were pending George R. Brawley filed a petition with the Supreme Court of Wisconsin which reads as follows:

"STATE OF WISCONSIN_____IN SUPREME COURT

To the SUPREME COURT of the State of Wisconsin and the Justices of said Court:

The petition of GEORGE R. BRAWLEY respectfully represents and shows to the court:

That he was duly admitted and licensed to practice as an attorney of this court, and of other courts of record in the State of Wisconsin, on the 10th day of July, 1939, and that his name as such attorney is upon the rolls of this court; that since his admission as attorney aforesaid, he has practiced law in the City of Milwaukee, Milwaukee County, Wisconsin; that your petitioner has discontinued the practice of law and desires that his said license to practice law, as aforesaid, be revoked and annulled for due cause and that his name as such attorney be stricken from the rolls of this court.

WHEREFORE, your petitioner petitions this Honorable Court that an order be entered whereby his said license to practice law as an attorney of this court and of other courts of record in this state, be revoked and annulled for due cause and that his name be stricken from the rolls as an attorney of this court.

/s/ George R. Brawley

FILED
Sept. 24, 1958
GORDON SAMUELSEN
Clerk of Supreme Court
Madison, Wisconsin."

Pursuant to said petition the Supreme Court of the State of Wisconsin did enter the following order:

"STATE OF WISCONSIN _____ in SUPREME COURT
The petition of George R. Brawley having been presented to the court, wherein it is set forth that he was duly admitted and licensed on the 10th day of July, 1939, to practice as an attorney of this court and of other courts of record in this state, and that since his admission as an attorney he has practiced law in the city of Milwaukee, Milwaukee County, Wisconsin; that he has discontinued the practice

of law and desires that his said license to practice law, as aforesaid, be revoked and annulled for due cause and that his name as such attorney be stricken from the rolls as an attorney of this court; and the court having been advised of the contents of said petition and being advised in the premises;

IT IS HEREBY ORDERED AND ADJUDGED, that the license granted to said George R. Brawley to practice as an attorney in courts of record in this state, be and the same is hereby revoked and annulled for due cause and that his name as such attorney be stricken from the rolls of this court.

Dated this 25th day of September, 1958.

/s/ Gordon Samuelsen
(SEAL)"                          Clerk of Supreme
                                Court, Wisconsin

The Commissioner further found:

There are proceedings available to George R. Brawley to petition and be reinstated in the State of Wisconsin if it is found that he should be reinstated.

That the Petition and Order of September 25, 1958, removing the name of George R. Brawley from the rolls of practicing attorneys in the State of Wisconsin, was a compromise by said George R. Brawley whereby said George R. Brawley would be removed from the rolls of lawyers admitted to the practice of law in the State of Wisconsin in return that other proceedings against him would be discontinued.

Said compromise was made and entered into in good faith by the State Bar Association of the State of Wisconsin with George R. Brawley and approved by the Supreme Court of the State of Wisconsin on September 25, 1958.

The license of said George R. Brawley to practice law in the State of Wisconsin was revoked for due cause on September 25, 1958.

Said license has never been reinstated in the State of Wisconsin.

Proceedings had against George R. Brawley in the State of Wisconsin are tantamount to disbarment proceedings; and George R. Brawley was, by said proceedings, in effect disbarred in the State of Wisconsin for due cause.

Said due cause in the State of Wisconsin was for misconduct in the practice of law.

The record indicates that the staff counsel of the Wisconsin Bar who testified before the commissioner in this proceeding stated under oath that the State of Wisconsin would defer taking any action on reinstatement in Wisconsin until the disciplinary action in the State of Indiana was fully disposed of.

Moral turpitude is a controlling factor in any disciplinary action to be taken by the Supreme Court; Supreme Court Rules, rules 3-21, 3-22; *Baker* v. *Miller* (1956), 236 Ind. 20, 138 N. E. 2d 145, 59 ALR 2d 1393. Being of good moral character necessarily implies that the attorney will conform to the moral standards of his profession as provided by law, by oath of office and the code of ethics of the legal profession. *Baker* v. *Keisker* (1957), 236 Ind. 617, 142 N. E. 2d 432. Under the moral standards requirement, a resignation for cause would be an admission on the part of the subject as to his lack of moral standards in the profession, lack of conformity with his oath of admission, and/or lack of conformity with the code of ethics of the legal profession, which acts took place in Wisconsin. Disbarment in another state is the basis for disbarment proceedings in Indiana. Resignation "for cause" during the course of disbarment proceedings must also be a basis for disbarment.

The following cases whether based on comity or under the theory of according full faith and credit to judicial determinations of other courts support the foregoing propositions: *In re Leverson* (1935), 195 Minn. 42, 261 N. W. 480; *In re Clay* (1953 Ky.), 261 S. W. 2d 301; *Fletcher* v. *U. S.* (1949), 174 F. 2d 373, cert. den. 338 U. S. 851; *In re Veach* (1956),

365 Mo. 776, 287 S. W. 2d 753; *State Board of Law Examiners* v. *Brown* (1938), 53 Wyo. 42, 77 P. 2d 626; *In re Van Bever* (1940), 55 Ariz. 368, 101 P. 2d 790; *In re Brown* (1932), 60 S. D. 628, 245 N. W. 824; *Copren* v. *State Bar* (1947), 64 Nev. 364, 183 P. 2d 833.

The commissioner found a preponderance of evidence sustained the charge that the license of the said George R. Brawley to practice law in the State of Wisconsin was revoked for due cause on September 25, 1958, and found that said license had never been reinstated in the State of Wisconsin. To uphold the integrity of the Indiana State Bar as well as protect the citizens of Indiana from persons such as the respondent herein he should not be allowed to honorably occupy a position of trust and confidence in Indiana when he was unable to do so within the State of Wisconsin.

It is directed, therefore, that the respondent be disbarred and that the name of George R. Brawley, the respondent, be stricken from the role of attorneys licensed to practice law in the State of Indiana.

## ORDER

Come now the parties by counsel, and the court being duly advised in the premises, now files its Per Curiam opinion, being in words and figures as follows, to-wit:

### (H. I.)

And now on said opinion, the court renders the following judgment to-wit:

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by this Court that George R. Brawley, a member of the Bar of this Court be, and he is, hereby disbarred from the practice of law in the State of Indiana.

IT IS FURTHER ORDERED that the name of George R. Brawley be stricken from the role of attorneys licensed

to practice law in the State of Indiana. The clerk of this Court is directed to note this suspension on the roll of attorneys of this Court.

Dated at Indianapolis, Indiana, this 5th day of March, 1969.

Roger O. De Bruler<br>Chief Justice

NOTE.—Reported in 244 N. E. 2d 918.