William H. McCLASKEY, Petitioner,

v.

The CHARACTER AND FITNESS COMMITTEE OF the KENTUCKY STATE BOARD OF BAR EXAMINERS, Respondent.

Supreme Court of Kentucky.

March 14, 1978.

**714**

William H. McClaskey, pro se.

Robert F. Stephens, Atty. Gen., Carl T. Miller, Jr., Asst. Atty. Gen., Frankfort, for respondent.

PER CURIAM.

The petitioner, an attorney, licensed to practice in the states of Illinois and Indiana, desires to be admitted to the Kentucky Bar pursuant to the applicable rules of the Supreme Court of Kentucky. The parties agree that Rules 2.110 and 2.070, respectively entitled "Admission without Examination" and "Legal Education," are directly at issue in this matter. A brief discussion of the chronology of the uncontroverted factual events which precipitated this matter is in order.

In September, 1947, the petitioner enrolled in the John Marshall law school, located in Chicago, Illinois. In 1949, the law school filed the necessary documents and application form requesting formal American Bar Association approval. The following year, 1950, the petitioner graduated from that institution with the degree of Juris Doctor, and on November 29, 1950, was admitted to the Illinois Bar as a result of his successful completion of the Illinois Bar examination. In 1951, the John Marshall law school was formally approved for the first time by the American Bar Association.

In 1957, the petitioner requested admission to the Indiana Bar pursuant to foreign license and in lieu of examination. It is admitted by the petitioner, and the exhibits clearly indicate that the Indiana State Board of Bar Examiners questioned his qualifications in light of the fact that the John Marshall law school was not approved by the American Bar Association until the year subsequent to the petitioner's graduation.[1] This matter was resolved in the petitioner's favor, and on October 29, 1958, he was admitted to the Indiana Bar on foreign license by order of the Chief Justice of the Indiana Supreme Court.

On or about June 16, 1977, the petitioner filed with the clerk of this court an application for admission by motion to practice law in Kentucky. The motion was referred to The Character and Fitness Committee of the Kentucky State Board of Bar Examin-

---

1. Rule 3–13, in effect in Indiana in 1957, also required applicants to the Bar to be graduated from American Bar Association approved law schools.

ers. There it was determined that the application for admission did not satisfy the requirements of Supreme Court Rule 2.110 because " * * * you were admitted to the bar examination and to the Illinois Bar at a time when you would not have been admitted to the bar examination in the State of Kentucky." This factual determination was based solely on the fact that the John Marshall law school was not approved until one year subsequent to the petitioner's graduation.

This proceeding was instituted as a result of the petitioner's right to a review of The Character and Fitness Committee's decision as provided for by SCR 2.060, entitled "Committee's Decision as to Eligibility."

The sole issue presented is whether the John Marshall law school was approved "in law" by the American Bar Association when the petitioner herein was graduated therefrom on June 24, 1950, with a Juris Doctor degree within the meaning of SCR 2.110.

It appears that at the time the petitioner was admitted to the Indiana Bar, Rule 3–13(b) of the Indiana Supreme Court required an applicant to be a graduate of a law school on the "approved list of the Council of Legal Education," an arm of the American Bar Association. Since the Indiana State Board of Law Examiners determined that this applicant satisfied all requirements for admission to the Indiana Bar under its rules for admission on the basis of foreign license, this issue has been fully determined and the finding may be accepted by this court as conclusive.

Both the petitioner and the respondent cite *Kentucky Bar Association v. Signer*, Ky., 533 S.W.2d 534 (1976), in support of their respective contentions. The petitioner calls our attention to so much of the *Signer* opinion as says:

" * * * the facts adjudicated in the sister state, on which its disciplinary judgment was based, should be treated as conclusively established, eliminating any necessity of retrying the same factual issues, * * *."

On the other hand, the respondent cites the following from *Signer*:

"The action of the Supreme Court of Ohio in barring Signer from the practice of law in Ohio did not purport to affect his right to practice law in any other state, and could not validly have done so anyway. The Full Faith and Credit Clause cannot possibly be twisted into giving to the Ohio action an effect it did not purport to have. * * * "

Although *Signer* is related to a disciplinary proceeding and the matter presently before this court is related to being admitted to the practice of law in Kentucky, it is a difference without a distinction as far as the applicable law is concerned. To paraphrase the facts in the present proceeding in light of *Signer* is to say that the facts adjudicated in Indiana, on which its judgment to admit the petitioner is based, should be treated as conclusively established, eliminating any necessity of retrying the same factual issues in Kentucky. Accordingly, we accept the findings of the Indiana Supreme Court that petitioner graduated from an American Bar Association approved law school. When we accept the Indiana determination, we find that petitioner has complied with all of the requirements for admission to the Kentucky Bar under the rules for admission on the basis of foreign license.

These proceedings are remanded to The Character and Fitness Committee of the Kentucky State Board of Bar Examiners, from whence it came, for proceedings consistent with this opinion.

All concur.