**In the Matter of Joseph E. WEAVER.**

No. 1078S230.

Supreme Court of Indiana.

Feb. 4, 1980.

through service on the Clerk of the Court as his agent under the authority of Admission and Discipline Rule 23, Section 12(d). The Respondent failed to appear for the hearing held under this cause and has not filed any pleadings in his behalf.

The Hearing Officer has filed his Findings of Fact which we now adopt and accept as our own. Accordingly, we now find that the Respondent was admitted to the Bar of this State on May 19, 1971; thereafter, he was admitted to practice law in the State of Florida. Disciplinary proceedings were initiated in Florida against the Respondent for alleged misconduct. After a Referee was appointed to conduct hearings, the Respondent filed an unconditional guilty plea as to all charges against him but one eventually dismissed at the Bar's request. The Referee's report was filed with the Supreme Court of Florida in Case No. 52,958 on December 9, 1977. Neither the Bar nor the Respondent challenged the report. The report of the appointed Referee to the Supreme Court of Florida was as follows:

A. *As to Bar Case No. 7C–1275–44*

"The complaint against Respondent charged him generally with wrongful conversion of escrow or trust fund and felonious larceny, and particularly with having received in escrow for the client funds totaling $42,785.03; payment of $20,000.00 by check which was returned for insufficient funds and which had to be presented a second time for clearance; failure to pay the balance of $22,785.03, and not having sufficient funds in his escrow account to pay that amount.

Subsequent to the filing of the complaint before the Referee, the Respondent has paid the balance in full."

The Referee concluded that this conduct violated Florida Bar Integration Rules and the *Code of Professional Responsibility*; the Referee recommended disbarment as the appropriate discipline.

B. *As to Bar Case No. 7C–875–13*

"The complaint against Respondent charged him with misrepresentation and

No appearance entered for respondent.

Sheldon A. Breskow, Executive Secretary, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

PER CURIAM.

This cause is before the Court on a one-count complaint filed by the Indiana Supreme Court Disciplinary Commission asserting that the Respondent has been disbarred in the State of Florida and praying that, pursuant to Admission and Discipline Rule 23, Section 2(b), the Respondent be disciplined accordingly by this Court.

In accordance with the procedure set forth under Admission and Discipline Rule 23, a Hearing Officer was appointed and a hearing was conducted on the complaint filed by the Disciplinary Commission. Throughout the entire proceeding, service on the Respondent was accomplished

neglect: that he was engaged to handle the administration of an estate valued at approximately $286,217.00, under a will providing for two trusts; Notice to Creditors was not published until seven months after he was retained; he failed to furnish information requested and required for tax purposes; represented that he had established trusts as required but never did so; caused losses on assets; paid himself fees of $4,570.00 without court order, and never completed administration of the estate."

The Referee concluded that this conduct violated the *Code of Professional Responsibility* and recommended a twelve-month suspension, coupled with rigorous conditions before the resumption of practice.

### C. *As to Bar Case No. 7C–476–67(A)*

"The complaint alleges that Respondent was temporarily suspended from the practice of law effective March 11, 1976, and thereafter on or after March 12, 1976, agreed to represent Dr. M. Woodrow Tucker and on or after March 15, 1976, accepted a $250.00 prepaid fee from him in connection with that representation. The Respondent has since repaid said prepaid fee in full."

The Referee found this conduct violative of the *Code of Professional Responsibility* and recommended a private reprimand.

### D. *As to Bar Case No. 7C–476–65*

"The complaint against the Respondent charged that he was retained in connection with a breach of contract action and accepted a $500.00 prepaid fee from Mary A. Gross, but failed to perform any meaningful legal services and had never returned the $500.00 prepaid fee. The Respondent has since repaid the prepaid fee in full."

The Referee concluded that this conduct violated the *Code of Professional Responsibility* and recommended a private reprimand.

### E. *As to Bar Case No. 7C–476–67(B)*

"The complaint alleges that Respondent accepted from Lydia Lange a prepaid fee in the amount of $140.00 and $25.00 for costs in connection with a title matter and failed to perform, furnish an abstract, or refund the prepaid fee and costs. Respondent has since repaid the prepaid fee in full."

The Referee concluded that this conduct violated the Disciplinary Rules of the *Code of Professional Responsibility* and recommended a private reprimand.

### F. *As to Count VI of Bar's "Case # Various" File*

"The complaint alleges that Respondent accepted $500.00 as a prepaid fee paid by James P. Watson on behalf of Karl Nielson, failed to carry out his contract, and did not return the prepaid fee."

The Referee concluded that this conduct violated the Disciplinary Rules of the *Code of Professional Responsibility* and recommended a private reprimand.

### G. *As to Bar Case No. 7C–476–74*

"The complaint alleges that Respondent accepted $500.00 as a prepaid fee from Gretchen T. Hunt for service as attorney for the Estate of Ollie Hunt, but failed to perform any meaningful legal services, and failed to return the prepaid fee. Respondent has since repaid the fee."

The Referee concluded that this conduct violated the Disciplinary Rules of the *Code of Professional Responsibility* and recommended a private reprimand.

The Supreme Court of Florida accepted the Referee's Findings and the Respondent's guilty plea to the acts of misconduct set out above. On March 16, 1978, the Respondent was disbarred from the practice of law by the Florida Supreme Court. He has not been subsequently reinstated.

Disbarment in another state can be the basis for disbarment proceedings in Indiana. *Nolan v. Brawley* (1969), 251 Ind. 697, 244 N.E.2d 918. Admission and Disci-

pline Rule 23, Section 2(b) incorporates this concept and provides:

> (b) If an attorney admitted to practice in this State who is also admitted to practice in any other state should be disbarred or suspended by the proper authority of such other state, such disbarment or suspension shall constitute sufficient grounds for disbarment or suspension of said attorney in this State.

The Respondent has been disbarred by the Supreme Court of Florida by reason of his violation of the professional standards expected of attorneys in that State. He was found to have engaged in conduct involving moral turpitude and dishonesty, to have failed to pay over client's funds, to have neglected legal matters entrusted to him, to have failed, intentionally, to carry out his contract of employment, to have practiced law when not authorized, to have prejudiced a client, and to have engaged in conduct adversely reflecting on his fitness to practice law. The acts of the Respondent, if committed as an attorney of this Bar, would be violative of the professional standards required by the attorneys of this State as set forth in the *Code of Professional Responsibility* adopted by this Court.

Were we to review the foregoing acts of misconduct and predicate the imposed sanction on the severity of those acts, we too would have to apply the strictest sanction available. The foregoing facts disclose that Respondent flagrantly abused the trust of his clients, and disregarded his professional obligations.

In view of the foregoing considerations we now find that pursuant to Admission and Discipline Rule 23, Section 2(b), grounds exist to disbar Respondent from the practice of law in this State. The record before this Court in this proceeding does not suggest that any lesser form of discipline is warranted.

It is therefore ordered by this Court that the Respondent be, and he hereby is, disbarred as an attorney in the State of Indiana.

Costs of the proceedings are assessed against the Respondent.