**In the Matter of Richard DARBY.**

No. 678S106.

Supreme Court of Indiana.

May 8, 1980.

Richard D. Darby, Jr., pro se.

Indiana Supreme Court Disciplinary Comm., Don R. Mueller, Indianapolis, for appellee.

DISCIPLINARY ACTION

PER CURIAM.

This cause is before the Court on a two-count amended verified complaint filed by the Disciplinary Commission of this Court pursuant to Admission and Discipline Rule 23, Section 12. As required by this rule, the appointed Hearing Officer has conducted a hearing into the misconduct averred in the complaint and filed with this Court his findings of fact, conclusions of law and recommendations. Neither party challenges the findings and conclusions tendered; however, the Disciplinary Commission does object to the form of discipline recommended by the Hearing Officer.

Under both Counts of the complaint filed in this cause, the Respondent is charged with violating a Disciplinary Rule; engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; engaging in conduct prejudicial to the administration of justice; and engaging in conduct adversely reflecting on his fitness to practice law, which, if proven, would be violative of Disciplinary Rules 1–102(A)(1), (4), (5) and (6).[1]

After examining all matters which have been submitted in this cause, this Court now adopts and accepts as its own the findings of fact submitted by the Hearing Officer which establish that the Respondent, an attorney admitted to practice in this State, was the attorney for John R. Rang in a case in the Daviess Circuit Court. This cause was set for trial on October 4, 1977. On September 30, 1977, the Respondent informed the Court Reporter for the Daviess Circuit Court that the Respondent was involved in another proceeding in another court which had been continued to October 4. On October 3, the Respondent advised the Judge of the Daviess Circuit Court that the Respondent had a criminal trial in Monroe Superior Court II on September 28, 1977, which, by reason of a surprise witness, was continued and reset for October 4, 1977, and by reason of this conflict he would not be available for the *Rang* case.

The Respondent was not required to be present at any proceeding, civil or criminal, in any court in Monroe County during the weeks of September 26, 1977 or October 3, 1977. On the day scheduled for the *Rang* case, the Respondent and his client did not appear. Thereafter, the Respondent was charged with and pleaded guilty to three counts of indirect criminal contempt growing out of his conduct in the *Rang* case and his misrepresentations to the Daviess Circuit Court. He was given an eleven-month suspended jail sentence, fined fifty dollars and assessed the costs of the contempt proceeding.

In view of the above findings of fact, this Court now concludes that the Respondent has engaged in professional misconduct as charged under Count I of the amended verified complaint filed in this cause.

With reference to Count II, this Court now finds that on September 24, 1976, Respondent filed a Motion for Continuance in *In Re: The Support of Sharon A. Griffin* in the Lawrence Circuit Court. He asserted a conflict with the Monroe Circuit Court and County Court in the hearing date scheduled for October 1, 1976. Respondent stated that he had scheduled in the Monroe Circuit Court, in the case of *State of Indiana v. James Hornback*, a Motion to Suppress Evidence and a hearing on such motion on Friday, October 1, 1976, at 9:00 a. m., and had scheduled in the Monroe County Court in the case of *State of Indiana v. David Kahn*, a Motion to Suppress Evidence and a hearing on such motion on October 1, 1976, at 2:30 p. m. This was not an accurate statement in that Respondent, in fact, did not have scheduled on October 1, 1976, a court appearance in either case in Monroe County.

On June 18, 1976, Respondent filed a Motion for Continuance in the case of *State of Indiana v. Rodney Jennings* in the Orange Circuit Court, claiming a conflict with the scheduled court setting date of June 21, 1976. He stated that he was trying a case in Monroe Superior Court II, which was assigned for trial for June 10 and 11 but continued into June 21, 1976. The case in Monroe Superior Court II that was allegedly in conflict with the *Jennings* case was *Schwitzer v. Ed Graves Landscaping Co., et al.* The Monroe Superior Court II record in that case discloses the following entry made on June 17, 1976:

> Court takes matter of judgment under advisement and now directs parties to

---

1. The complaint improperly designates the alleged misconduct as a violation of·Disciplinary Rules 1–102(A)(1), (2), (5) and (6). Our examination of the pleadings and transcript, however, convinces us that the Respondent understood the nature of the assertions of misconduct lodged against him, and all parties to this proceeding approached this case as though the referenced provisions were properly cited. Accordingly, we find that the complaint was amended by the parties to conform to the evidence.

prepare briefs to be presented to the Court not later than July 6, 1976, and directs parties to return to Court on July 13, 1976 for the Court's decision.

The Respondent was not required to be in Monroe Superior Court II on June 21, 1976.

On or about February 28, 1977, Respondent filed a Motion for Continuance in *State of Indiana v. Pat Conley and Mark Masciola* in the Brown Circuit Court, claiming a conflict with the scheduled court setting date of February 28, 1977. Respondent alleged in his Motion for Continuance that he would, "be trying a case in the Monroe Superior Court I, Cause No. S70–C256 on this date." On January 17, 1977, the Monroe Superior Court set in a different case, Cause No. S70–756, *Linda M. Bayne v. Steven Bayne*, a hearing for a change of venue to be held on February 28, 1977. The Respondent and opposing counsel failed to appear for this hearing on February 28, 1977.

On March 17, 1977, the Respondent filed a Motion for Continuance in *State of Indiana v. Karen Coleman*, in the Pike Circuit Court, claiming a conflict with the scheduled court setting date of March 28, 1977, due to an arraignment in Brown Circuit Court, Cause Nos. 77CR56 and 77CR67, set for March 28, 1977. Respondent did not advise the Pike Circuit Court that a Waiver of Arraignment previously had been filed on March 11, 1977, in these cases in the Brown Circuit Court. The Brown Circuit Court cases were set for arraignment on March 28, after two continuances had been granted. The Waiver filed on March 11 and a second waiver filed on March 22 appeared to be no more than delaying tactics in that the Brown Circuit Court cases were subsequently disposed by pleas entered on April 4, 1977.

On April 15, 1977, the Respondent filed a Motion for Continuance by certified mail in *State of Indiana v. Karen Ann Coleman* in the Pike Circuit Court. The Respondent alleged in his Motion for Continuance that, "Counsel for Defendant has a trial scheduled in the Monroe Circuit Court, Cause No. S75–S50 on this date." The date allegedly in conflict was April 18, 1977, and the Pike Circuit Court granted Respondent's Motion over the prosecutor's objection. The record in Monroe Circuit Court, Cause No. C75–S50, shows that Respondent did not have trial scheduled, nor was there a conflicting date on April 18, 1977, in this case.

On June 25, 1976, Respondent filed a Motion for Continuance in *State of Indiana v. David Kahn* in the Monroe County Court, requesting additional time to plead, due in part to the delay caused by the fact that on June 18, 1976, Respondent had a court appearance in eight criminal cases in the Crawford Circuit Court, English, Indiana. The records of the Crawford Circuit Court show that at no time on June 18, 1976, did Respondent appear on behalf of defendants in eight criminal charges in the Circuit Court of Crawford County.

On September 28, 1977, Respondent filed a Motion for Continuance in *State of Indiana v. Robert A. Allen*, Cause No. CR7709–067, Monroe County Court, claiming a conflict with the scheduled court setting date of October 6, 1977, due to a jury trial scheduled in the Daviess Circuit Court, beginning on October 4, 1977, to run through October 6, 1977. The alleged case in conflict was the *Rang* case, set out under Count I of the complaint.

It appears that the Respondent had a calendar conflict with *State v. Rang*, in the Daviess Circuit Court, and *State v. Allen*, in the Monroe County Court. However, Respondent did not rely on the *Rang* trial date in good faith in seeking a continuance in the *Allen* case. Only two days elapsed between the Respondent's Motion for Continuance in *Allen* and his attempt to continue *Rang*. The facts before this Court lead it to conclude that Respondent could neither bring himself to try the *Rang* case nor the *Allen* case. and, therefore, obtained continuances in both cases on fraudulent grounds.

On or about October 27, 1976, Respondent filed a Motion for Continuance in *State of Indiana v. Brian Mason*, in the Lawrence Juvenile Court, claiming a conflict with the scheduled court setting date of October 27, 1976, due to a jury trial scheduled in the

Orange Circuit Court on October 27, 1976. The record of the Orange Circuit Court establishes that Respondent had no conflict on October 27, 1976.

The foregoing facts set out under Count II of the amended complaint establish a pattern of conduct involving repeated misrepresentations by the Respondent. For a period of fifteen months, he regularly avoided scheduled court appearances by intentionally misrepresenting the status of his calendar. Accordingly, this Court now further finds that the Respondent has engaged in professional misconduct as charged under Count II of the amended verified complaint.

In that misconduct has been found, this Court now must assess an appropriate disciplinary sanction. In the past, this Court has commented that a lawyer's responsibilities are based in trust. See, *In re Weaver* (1980), Ind., 399 N.E.2d 748; *In re Craven* (1979), Ind., 390 N.E.2d 163; *In re Cochran* (1978), Ind., 383 N.E.2d 54. Trust is crucial not only to the attorney-client relationship, but is paramount in every aspect of a lawyer's professional behavior. As demonstrated by the conduct present in this case, the effective, efficient administration of the judiciary forces judges and all parties to rely on the factual assertions of an attorney. In this day of crowded calendars, multiple settings, and complex, time-consuming pretrial procedures, the judicial system has little room for the participant whose word does not warrant the respect of his profession. A court simply must be able to rely on an attorney's representations; otherwise, it cannot function.

This Court recognizes the impediment to the administration of justice brought about by the type of misconduct present in this case and will not condone this behavior. It is also important to note that the Respondent's acts were not an isolated event. He intentionally engaged in a pattern of conduct for over one year throughout several counties in this State. It appears that he only ceased after being cited for contempt in the Daviess Circuit Court.

In view of the above considerations, we now further find that a period of suspen-sion is warranted in this case. It is therefore ordered that, by reason of the misconduct found under the amended verified complaint filed in this cause, the Respondent is hereby suspended from the practice of law in the State of Indiana for a period of not less than one year beginning June 16, 1980, and that he pay the costs of this disciplinary proceeding.

All Justices concur.