**In the Matter of Richard D. DARBY.**

No. 380S80.

Supreme Court of Indiana.

Oct. 15, 1981.

Richard D. Darby, pro se.

Thomas J. Opsut, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

PER CURIAM.

This proceeding was initiated by the filing of a two-count Verified Complaint for Disciplinary Action by the Disciplinary Commission of this Court. Pursuant to the procedures set forth under Admission and Discipline Rule 23, a Hearing Officer was appointed, a hearing was conducted, and the Hearing Officer's findings of fact and conclusions of law have been submitted to this Court. Respondent appeared, pro se, during the pre-hearing portion of the proceeding, but failed to appear, after Notice, at the hearing of this cause. Appropriately, the Hearing Officer held the hearing in his absence. Neither party has petitioned this Court for review.

At the onset, this Court notes that the Respondent, by order of this Court, was suspended from the practice of law for a period of not less than one year beginning June 16, 1980. *In re Darby,* (1980) Ind., 403 N.E.2d 1074. This suspension remains in effect as of this date.

Under Count I of the Verified Complaint, the Respondent is charged with neglecting a legal matter entrusted to him, intentionally failing to carry out a contract of professional employment, and intentionally prejudicing or damaging his client during the course of the professional relationship, in violation, respectively, of Disciplinary Rules 6–101(A)(3), and 7–101(A)(2) and (3) of the *Code of Professional Responsibility for Attorneys at Law.*

There being no objection raised by either party, we now adopt and accept as our own the findings under Count I submitted by the Hearing Officer. Accordingly, we now find that in November, 1978, the Respondent was retained to represent a client in a dissolution proceeding. Upon being hired, Respondent received a retainer fee and was advised of his client's desire to recover certain property in the dissolution proceeding.

Respondent entered his appearance in December, 1979. On various occasions during the period of time the proceeding was pending, this client attempted to communicate and meet with Respondent.

On February 20, 1979, the trial court set the proceeding for final hearing on March 29, 1979; Respondent did not advise his client of this fact and on March 26, 1979, moved for a continuance. This motion was denied and Respondent was notified of such fact. On March 28, 1979, Respondent's client learned, through an indirect source, of the court hearing. Upon contacting the Respondent on March 29, 1979, this client discovered that Respondent was in Florida.

The final hearing was heard without Respondent or his client being present and the client was not awarded the property she wished to recover. On April 2, 1979, at a meeting with his client, Respondent offered no explanation for his conduct involving the final hearing, but assured her that he would take care of the property settlement matter. Respondent never contacted this client again.

In view of the above findings, this Court now concludes that the Respondent engaged in conduct violative of the *Code of Professional Responsibility*, as charged under Count I of the Verified Complaint filed in this cause.

Under Count II Respondent is charged with neglecting a legal matter entrusted to him, intentionally failing to carry out a contract of employment thereby prejudicing his client, attempting to limit his liability to a client for personal malpractice, and failing to return a client's files upon request, in violation, respectively, of Disciplinary Rules 6–101(A)(3), 7–101(A)(2) and (3), 6–102(A) and 9–102(B)(4) of the *Code of Professional Responsibility for Attorneys at Law.*

Upon examination of the matters submitted relative to Count II of the Complaint, this Court finds that the Respondent was employed by a client in March, 1978, to recover property damages resulting from an automobile accident on March 1, 1978. Respondent was paid a fee of one hundred dollars and, at his request, was given by his client documents relating to the accident. Through October of 1979, this client repeatedly attempted to contact Respondent, but was never able to do so. No lawsuit was filed during this period of time. On October 12, 1979, this client informed Respondent that another attorney had been retained and requested the return of his documents. Respondent informed his client that he would return the documents if the client signed a release promising not to sue the Respondent. On the advice of new counsel, the client refused to sign the release. A lawsuit was filed by the newly obtained counsel and Respondent was named as a defendant. During the course of the lawsuit, Respondent delivered the documents pursuant to a subpoena.

In view of our findings under Count II, this Court now further finds that the Respondent has violated the *Code of Professional Responsibility* as charged in the Verified Complaint filed in this cause.

The misconduct present in this cause unfortunately demonstrates an opprobrious disregard of professional standards and a very shallow appreciation of an attorney's fiduciary obligation. In both of the incidents cited in the complaint, the Respondent's negligent conduct worked to the detriment of his clients. The people Respondent was required to serve were disserved. Our system of professional representation does not require any person, regardless of the size of the claim, to inure to this unprofessional behavior. The clients in this case had good reason to complain; they sought professional legal assistance and, for them, the profession failed.

In view of our decision in this cause, this Court now finds that the one-year period of suspension imposed under the prior disciplinary proceeding should be extended for an additional two years. It is therefore ordered that, by reason of the misconduct found under the complaint filed in this cause, the Respondent is suspended from the practice of law for an additional period of not less than two years beginning June 16, 1981.

Costs of this proceeding are assessed against the Respondent.